UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| AMAZON.COM, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>CORYDORAS TECHNOLOGIES, LLC,<br><br>       Defendant. | Case No. 1:19-cv-1095<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Amazon.com, Inc. ("Amazon") brings this complaint against Corydoras Technologies, LLC ("Corydoras") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action to protect Amazon's customers Best Buy Co., Inc. and Best Buy Stores, L.P. ("Best Buy"), and potentially other customers, from meritless patent lawsuits. Corydoras filed a lawsuit, *Corydoras Techs. LLC v. Best Buy Co., Inc.*, Case No. 2:19-cv-00304-JRG-RSP (E.D. Tex.), on September 4, 2019. (**Exhibit A**.) In it, Corydoras accuses Best Buy of patent infringement based on allegations that Best Buy "uses, sells and/or offers for sale" Amazon's Fire Series tablets, including Fire HD 10, Fire HD 8, and Fire 7 ("Amazon Accused Products").

2. Lawsuits like Corydoras's against Best Buy reflect a common strategy among patent assertion entities. A product's manufacturer knows its technology inside and out, and is therefore well-positioned to defend a baseless infringement claim. Downstream retailers generally lack such knowledge. By ignoring the manufacturer and suing retailers, a patent assertion entity can secure *in terrorem* settlements from retailers who decide they are ill-equipped to defend an unfamiliar technology and do not want their business relationships disrupted.

1

3. Any dispute about whether Amazon's technology infringes Corydoras's patents must be litigated in this case alone. Federal Circuit law could not be clearer. Recognizing the problem caused by customer suits, it has held that the upstream manufacturer or supplier—here, Amazon—must be given the opportunity to defend its own technology. "[L]itigation . . . brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer," and thus any customer cases—here, Corydoras's case against Best Buy—must be stayed or enjoined pending resolution of the manufacturer action. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). To that end, the Federal Circuit has expressly empowered district courts presiding over a manufacturers' declaratory judgment action to enjoin collateral and duplicative customer suits. *Katz*, 909 F.2d at 1463-64.

4. For this reason, and as alleged more particularly herein, Amazon brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that the Amazon Accused Products do not infringe Corydoras's patents, and to enjoin Corydoras, pursuant to the manufacturer-customer suit rule, from proceeding with its litigation against Amazon's customer.

## THE PARTIES

5. Amazon.com, Inc. is a corporation organized and existing under the laws of the state of Delaware, with offices and employees throughout several of the United States, including the Western District of Texas.

6. Defendant Corydoras, on information and belief, is a Texas limited liability company having a registered agent located at 5900 Balcones Drive, Suite 100, Austin, TX 78731.

## JURISDICTION AND VENUE

7. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Amazon seeks declaratory relief under the Declaratory Judgment Act. Corydoras has sued Amazon's customer Best Buy, alleging patent infringement based in part on its alleged use, sale and/or offer for sale of the

Amazon Accused Products. Corydoras's allegations reference the Amazon Accused Products as among the accused products, and therefore give rise to implied infringement claims against Amazon. Best Buy has requested indemnification in connection with the suit by Corydoras, and Amazon has agreed to indemnify Best Buy. Thus, a substantial controversy exists between Amazon and Corydoras that is of sufficient immediacy and reality to empower the Court to issue a declaratory judgment. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014). The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and under 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over Corydoras because Corydoras is a limited liability company formed in Texas. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because Corydoras is deemed to reside in this District in which it is subject to the Court's personal jurisdiction.

10. Amazon has two offices in Austin and employs around 1,200 employees in Austin. Among these employees are witnesses who work on the design and development of the Amazon Accused Products and who may have knowledge relevant to the issues in this case.

**FACTUAL BACKGROUND**

11. The Fire Series tablets are designed and engineered by Amazon and are high performance tablets designed for entertainment at an affordable price. Amazon first offered its Fire Series tablet computers in 2011. Since this launch, Fire Series tablets have been popular among U.S. consumers.

12. Best Buy is one of the retailers of the Fire Series tablets. Best Buy did not participate in the design or development of the Fire Series tablets. Best Buy's sole role in connection with the Fire Series tablets is distributing the tablets via its retail stores and its website.

13. On September 4, 2019, Corydoras filed a lawsuit against Amazon's customer Best Buy in the Eastern District of Texas, alleging infringement of U.S. Patent Nos. 7,778,664 (the "'664 Patent"), 7,945,256 (the "'256 Patent"), 7,996,037 (the "'037 Patent"), 8,024,009 (the "'009 Patent"), and 8,731,540 (the "'540 Patent"). (**Exhibit A**.)

14. Corydoras purports to be the owner of all right, title and interest in the '664 Patent (**Exhibit B**), the '256 Patent (**Exhibit C**), the '037 Patent (**Exhibit D**), the '009 Patent (**Exhibit E**), and the '540 Patent (**Exhibit F**).

15. The complaint alleges that Best Buy infringes the '664 Patent by using, selling and/or offering for sale, *inter alia*, the Amazon Accused Products:

> More specifically, on information and belief, Best Buy uses, sells and/or offers for sale the Amazon Fire line of tablets, more specifically, the Fire HD 10 series, the Fire HD 8 series and the Fire 7 series of tablets covered by claims 1, 3, 6-10, and/or 15-18 of the '664 patent.

(**Exhibit A** at 6.)

16. It also alleges that Best Buy infringes the '256 Patent by using, selling and/or offering for sale, *inter alia*, the Amazon Accused Products:

> More specifically, on information and belief, Best Buy uses, sells and/or offers for sale the Amazon Fire line of tablets, more specifically, the Fire HD 10 series, the Fire HD 8 series and the Fire 7 series of tablets covered by claims 1-3, 5, 8-11, and/or 16-18 of the '256 patent.

(*Id.* at 10.)

17. It also alleges that Best Buy infringes the '037 Patent by using, selling and/or offering for sale, *inter alia*, the Amazon Accused Products:

> More specifically, on information and belief, Best Buy uses, sells and/or offers for sale the Amazon Fire line of tablets, more specifically, the Fire HD 10 series, the Fire HD 8 series and the Fire 7 series of tablets covered by claims 1-3, 5, 8-11, and/or 16-18 of the '037 patent.

(*Id.* at 14.)

18. It also alleges that Best Buy infringes the '009 Patent by using, selling and/or offering for sale, *inter alia*, the Amazon Accused Products:

> More specifically, on information and belief, Best Buy uses, sells and/or offers for sale the Amazon Fire line of tablets, more specifically, the Fire HD 10 series, the Fire HD 8 series and the Fire 7 series of tablets covered by claims 1-3, 5, 8-11, and/or 16-18 of the '009 patent.

(*Id.* at 18.)

19. It also alleges that Best Buy infringes the '540 Patent by using, selling and/or offering for sale, *inter alia*, the Amazon Accused Products:

> More specifically, on information and belief, Best Buy uses, sells and/or offers for sale the Amazon Fire line of tablets, more specifically, the Fire HD 10 series, the Fire HD 8 series and the Fire 7 series of tablets covered by claims 1-6, 8-11, and/or 13-16 of the '540 patent.

(*Id.* at 22.)

20. The Amazon Accused Products do not infringe, and have not infringed, any claim of '664 Patent, the '256 Patent, the '037 Patent, the '009 Patent, or the '540 Patent, either directly or indirectly.

21. Amazon has a direct and substantial interest in defeating any patent infringement claims relating to the Amazon Accused Products at issue in Corydoras's complaint against Best Buy. Corydoras's infringement allegations directly implicate Amazon and its technology and give rise to implied infringement claims against Amazon.

22. Best Buy has requested indemnification in connection with the suit by Corydoras, and Amazon has agreed to indemnify Best Buy. Accordingly, Amazon has standing to assert claims for declaratory judgment against Corydoras. *See Microsoft Corp.*, 755 F.3d at 904; *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011).

23. This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the alleged infringement of the patents in suit by an Amazon customer using Amazon technology.

24. Amazon has therefore brought this action to obtain just and speedy resolution of this dispute, to relieve Amazon's customer of the unnecessary burden of litigating a meritless case that targets the Amazon Accused Products, and to once and for all remove the cloud of uncertainty that has been cast over the Amazon Accused Products. *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987) ("[T]he purpose of the Declaratory Judgment

Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights."); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (where patentee's "forceful threats [against customers] created a cloud over [supplier's] business, shareholders, and customers, and [supplier's] potential liability increased as it continued to sell the allegedly infringing products," supplier "entitled under the Declaratory Judgment Act to seek a timely resolution of . . . threats of litigation and remove itself from 'the shadow of threatened infringement litigation'") (citation omitted).

### FIRST CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT
### (U.S. PATENT NO. 7,778,664)

25. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

26. Corydoras has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '664 patent.

27. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '664 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including the Amazon Accused Products, infringe the '664 patent either literally or under the doctrine of equivalents.

28. The '664 patent is directed to a communication device. Claim 1, for example, recites: "a multiple mode implementor [which] implements a voice communication mode, a digital mirror mode, a video phone mode, and a call blocking mode . . . visual data is input via said camera, said visual data is converted to an inverted visual data which is inverted data of said visual data, and said inverted visual data is output from said display when said digital mirror mode is implemented . . . when said communication device receives an incoming call via said antenna and the identification of the caller of said incoming call is determined to be included in a call blocking list, communication between the caller and said communication device is not implemented when said call blocking mode is implemented."

29. Neither Amazon nor its technology, including the Amazon Accused Products, infringes the '664 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. For example, the Amazon Accused Products do not comprise the claimed multiple mode implementor, the claimed digital mirror mode, or the claimed call blocking mode. The Amazon Accused Products, therefore, do not meet at least the aforementioned claim requirements of claim 1 and similar claim limitations in the other claims of the '664 patent.

30. An actual and justiciable controversy exists between Amazon and Corydoras as to Amazon's non-infringement of the '664 patent.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '664 patent.

**SECOND CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT**
**(U.S. PATENT NO. 7,945,256)**

32. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

33. Corydoras has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '256 patent.

34. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '256 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including the Amazon Accused Products, infringe the '256 patent either literally or under the doctrine of equivalents.

35. The '256 patent is directed to a communication device. Claim 1, for example, recites: "a multiple function implementor [which] implements a voice communication function, a digital mirror function, and a remote controlling function . . . visual data is input via said camera, said visual data is converted to an inverted visual data which is inverted data of said visual data, and said inverted visual data is output from said display when said digital mirror function is implemented; and a specific device, which is a device different from said communication device, is

remotely controlled by said communication device in a wireless fashion when said remote controlling function is implemented."

36. Neither Amazon nor its technology, including the Amazon Accused Products, infringes the '256 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. For example, the Amazon Accused Products do not comprise the claimed multiple function implementor, the claimed digital mirror function, or the claimed specific device. The Amazon Accused Products, therefore, do not meet at least the aforementioned claim requirements of claim 1 and similar claim limitations in the other claims of the '256 patent.

37. An actual and justiciable controversy exists between Amazon and Corydoras as to Amazon's non-infringement of the '256 patent.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '256 patent.

**THIRD CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT**
**(U.S. PATENT NO. 7,996,037)**

39. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

40. Corydoras has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '037 patent.

41. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '037 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including the Amazon Accused Products, infringe the '037 patent either literally or under the doctrine of equivalents.

42. The '037 patent is directed to a communication device. Claim 1, for example, recites: "a multiple function implementor [which] implements a voice communication function, a digital mirror function, and a voice dialing function . . . visual data is input via said camera, said visual data is converted to an inverted visual data which is inverted data of said visual data, and

said inverted visual data is output from said display when said digital mirror function is implemented; and a dialing process is performed by utilizing an audio data retrieved via said microphone when said voice dialing function is implemented."

43. Neither Amazon nor its technology, including the Amazon Accused Products, infringes the '037 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. For example, the Amazon Accused Products do not comprise the claimed multiple function implementor, the claimed digital mirror function, or the claimed dialing process. The Amazon Accused Products, therefore, do not meet at least the aforementioned claim requirements of claim 1 and similar claim limitations in the other claims of the '037 patent.

44. An actual and justiciable controversy exists between Amazon and Corydoras as to Amazon's non-infringement of the '037 patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '037 patent.

**FOURTH CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT
(U.S. PATENT NO. 8,024,009)**

46. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

47. Corydoras has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '009 patent.

48. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '009 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including the Amazon Accused Products, infringe the '009 patent either literally or under the doctrine of equivalents.

49. The '009 patent is directed to a communication device. Claim 1, for example, recites: "a multiple function implementor [which] implements a voice communication function, a digital mirror function, and an answer rejecting function . . . visual data is input via said camera,

said visual data is converted to an inverted visual data which is inverted data of said visual data, and said inverted visual data is output from said display when said digital mirror function is implemented; and answering to a phone call addressed to said communication device is rejected when said answer rejecting function is implemented."

50. Neither Amazon nor its technology, including the Amazon Accused Products, infringes the '009 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. For example, the Amazon Accused Products do not comprise the claimed multiple function implementor, the claimed digital mirror function, or the claimed rejecting function. The Amazon Accused Products, therefore, do not meet at least the aforementioned claim requirements of claim 1 and similar claim limitations in the other claims of the '009 patent.

51. An actual and justiciable controversy exists between Amazon and Corydoras as to Amazon's non-infringement of the '009 patent.

52. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '009 patent.

**FIFTH CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT**
**(U.S. PATENT NO. 8,731,540)**

53. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

54. Corydoras has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '540 patent.

55. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '540 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including the Amazon Accused Products, infringe the '540 patent either literally or under the doctrine of equivalents.

56. The '540 patent is directed to a communication device. Claim 1, for example, recites: "a multiple function implementer [which] implements a voice communication function, a

digital mirror function, a non-digital mirror function, and an email function . . . a first visual data is processed to be retrieved via said first camera, said first visual data is processed to be inverted, and said first visual data which is inverted is processed to be displayed on said display when said digital mirror function is implemented; a second visual data is processed to be retrieved via said second camera and said second visual data is processed to be displayed on said display when said non-digital mirror function is implemented, wherein said second visual data is the visual data which is not inverted."

57. Neither Amazon nor its technology, including the Amazon Accused Products, infringes the '540 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. For example, the Amazon Accused Products do not comprise the claimed multiple function implementor, the claimed digital mirror function, or the claimed non-digital mirror function. The Amazon Accused Products, therefore, do not meet at least the aforementioned claim requirements of claim 1 and similar claim limitations in the other claims of the '540 patent.

58. An actual and justiciable controversy exists between Amazon and Corydoras as to Amazon's non-infringement of the '540 patent.

59. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '540 patent.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for a declaratory judgment against Corydoras as follows:

A. A declaration that Amazon does not infringe any claim of the '664 Patent;

B. A declaration that Amazon does not infringe any claim of the '256 Patent;

C. A declaration that Amazon does not infringe any claim of the '037 Patent;

D. A declaration that Amazon does not infringe any claim of the '009 Patent;

E. A declaration that Amazon does not infringe any claim of the '540 Patent;

F. An injunction against Corydoras, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action alleging

   that any Amazon method, product, or technology, or others' use thereof, infringes any claim of any of the '664, '256, '037, '009, and '540 Patents;

G. An award of costs and attorneys' fees to Amazon; and

H. Such other and further relief as the Court deems just and reasonable.

## JURY TRIAL DEMAND

Amazon hereby requests a trial by jury on all issues so triable.

                  Respectfully, submitted,

                  */s/ Barry K. Shelton*

*Of Counsel:*

J. David Hadden, CSB No. 176148
(Admitted W.D. Tex.)
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
(Admitted W.D. Tex.)
Email: sshamilov@fenwick.com
Ravi R. Ranganath, CSB 272981
(Admitted W.D. Tex.)
Email: rranganath@fenwick.com

**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

November 11, 2019

                  Barry K. Shelton (TX Bar #24055029)
                  bshelton@sheltoncoburn.com
                  **SHELTON COBURN LLP**
                  311 RR 620 S, Suite 205
                  Austin, TX 78734
                  Tel:  (512) 263-2165
                  Fax:  (512) 263-2166

                  *Counsel for*
                  AMAZON.COM, INC.