# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| AMAZON.COM, INC., | |
| Plaintiff, | Case No. 1:19-cv-01095-RP |
| v. | |
| CORYDORAS TECHNOLOGIES, LLC, | |
| Defendant. | |

## OPPOSED MOTION OF AMAZON.COM, INC. TO ENJOIN
## CORYDORAS TECHNOLOGIES, LLC FROM LITIGATING CUSTOMER SUIT

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

J. David Hadden, CSB No. 176148
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
Email: sshamilov@fenwick.com
Ravi R. Ranganath, CSB 272981
Email: rranganath@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Todd R. Gregorian, CSB No. 236096
Email: tgregorian@fenwick.com
Min Wu, CSB No. 307512
Email: min.wu@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

*Counsel for*
AMAZON.COM, INC.

January 13, 2020

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF FACTS ....................................................................................2

III.  ARGUMENT..........................................................................................................3

      A.    Declaratory judgment actions brought by manufacturers must be  resolved
          before duplicative customer suits...........................................................................3

      B.    According to longstanding Federal Circuit law, this Court can and should
          enjoin Corydoras from pursuing its duplicative customer suit ...............................7

IV.   CONCLUSION......................................................................................................10

## TABLE OF AUTHORITIES

CASES                                                                                     PAGE(S)

*Cellular Commc'ns Equip., LLC v. Apple Inc.*,
    No. 14-cv-251, 2016 WL 6884648 (E.D. Tex. Aug. 26, 2016) ......................................5, 9

*Ciena Corp. v. Nortel Networks Inc.*,
    No. 05 CV 14, 2005 WL 1189881 (E.D. Tex. May 19, 2005) ...........................................8

*Codex Corp. v. Milgo Elecs. Corp.*,
    553 F.2d 735 (1st Cir. 1977) ...........................................................................................8

*Corydoras Techs. LLC v. Best Buy Co., Inc.*,
    Case No. 2:19-cv-00304-JRG-RSP, Dkt. 1 (E.D. Tex. Sept. 4, 2019) ..............................2

*Crosley Corp. v. Hazeltine Corp.*,
    122 F.2d 925 (3d Cir. 1941)........................................................................................7, 8

*CyWee Grp. Ltd. v. Huawei Device Co.*,
    No. 17-cv-00495, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018) ......................................5

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
    No. 5-CV-1202, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016)...........................................5

*Finisar Corp. v. Cheetah Omni, LLC*,
    No. 11-cv-15625, 2012 WL 12931575 (E.D. Mich. Nov. 19, 2012)...................................9

*Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
    No. 16-cv-00618, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017) ..........................................5

*Golden Bridge Tech., Inc. v. Apple Inc.*,
    No. 2:12-cv-4014-ODW(FFMx), 2012 WL 3999854 (C.D. Cal. Sept. 11,
    2012) ...............................................................................................................................6

*Google Inc. v. Creative Labs, Inc.*,
    No. 16-cv-02628, 2016 WL 6947564 (N.D. Cal. Nov. 28, 2016) ......................................5

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) ...................................................................1, 3, 4, 7

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014)..........................................................................1, 3, 4, 5

*In re Nintendo Co.*,
    544 F. App'x 934 (Fed. Cir. 2013) ..................................................................................6

*InfoGation Corp. v. ZTE Corp.*,
    No. 16-cv-01901, 2016 WL 9525235 (S.D. Cal. Dec. 21, 2016) ......................................5

*IWP Banquet, LLC v. Target Corp.*,
    No. 16–02082, 2016 WL 9450448 (C.D. Cal. Dec. 15, 2016) ...........................................5

*Katz v. Lear Siegler, Inc.*,
 909 F.2d 1459 (Fed. Cir. 1990).............................................................................. *passim*

*Lab. Corp. of Am. Holdings v. Chiron Corp.*,
 384 F.3d 1326 (Fed. Cir. 2004)....................................................................................3, 7

*LG Elecs., Inc. v. Asustek Comps.*,
 126 F. Supp. 2d 414 (E.D. Va. 2000) ...................................................................9

*ProBatter Sports, LLC v. Joyner Technologies, Inc.*,
 463 F. Supp. 2d 949, 956 (N.D. Iowa 2006)....................................................................8, 9

*Shifferaw v. Emson USA*,
 2:09–CV–54–TJW–CE, 2010 WL 1064380 (E.D. Tex. Mar. 18, 2010)............................9

*Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*,
 No. 16-cv-60693, 2016 WL 6678525 (S.D. Fla. June 8, 2016)..........................................5

*Voltstar Techs., Inc. v. Newslink of Miami*,
 LLC, No. 16-cv-80063, 2016 WL 4543072 (S.D. Fla. May 3, 2016) .................................5

*William Gluckin & Co. v. Int'l Playtex Corp.*,
 407 F.2d 177 (2d Cir. 1969)......................................................................................8

## STATUTES AND RULES

28 U.S.C. § 1292...........................................................................................................7

35 U.S.C. § 299 ............................................................................................................6

## OTHER AUTHORITIES

157 Cong. Rec. H.4426 (daily ed. June 22, 2011) ....................................................6

I.      INTRODUCTION

In this case, Amazon asks the Court to declare that neither its Fire series tablets nor any of its other technology infringes patents that Corydoras has asserted against them.  In a co-pending case in the Eastern District of Texas, instead of suing Amazon, Corydoras sued Amazon's *customer* Best Buy for infringement of the same patents because Best Buy sells the Amazon Fire tablets. Amazon requests the Court put an immediate end to this harassment of Amazon's customer, by enjoining Corydoras from prosecuting its claims against Best Buy for use of Amazon technology pending the resolution of this case.

Federal Circuit law is clear on this point.  "[L]itigation . . . brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."  *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463-64 (Fed. Cir. 1990); *see also In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).  For this reason, the Federal Circuit empowers courts presiding over a manufacturer's declaratory judgment action, such as this one, to enjoin collateral and duplicative customer suits.  *Katz*, 909 F.2d at 1463–64.  The need for an injunction is so plain that the Federal Circuit does not require proof under the traditional four-part preliminary injunction test.  *Id.* at 1462-63.  Rather, if "the disposition of one case would be dispositive of the other," the Court should enjoin the patent owner from prosecuting the other suits.  *Id.*

Whether Amazon's technology infringes should be decided by the Court in this case and not by the Eastern District of Texas.  Here, this Court will either (i) determine that Amazon's technology—and thus any use or sale of that technology by Amazon's customers—does not infringe; or (ii) find that Amazon infringes and assess damages, which would exhaust any separate claim to damages against Amazon's customers.  Whatever the outcome, significant resources— both public and private—would be saved.

For these reasons, Amazon respectfully requests that the Court enjoin Corydoras from prosecuting any claims against Best Buy for infringement of the patents-in-suit based on Amazon's Fire tablets, pending resolution of this action.

## II.    STATEMENT OF FACTS

On September 4, 2019, Corydoras filed a lawsuit in the Eastern District of Texas against Best Buy Co., Inc. and Best Buy Stores, L.P (collectively, "Best Buy") alleging infringement of U.S. Patent Nos.: 7,778,664 ("the '664 patent"), 7,945,256 ("the '256 patent"), 7,996,037 ("the '037 patent"), 8,024,009 ("the '009 patent), and 8,731,540 ("the '540 patent) ("Asserted Patents"). (Dkt. 1-1, *Corydoras Techs. LLC v. Best Buy Co., Inc.*, Case No. 2:19-cv-00304-JRG-RSP, Dkt. 1 (E.D. Tex. Sept. 4, 2019).)  In its complaint, Corydoras purports to be the owner of all right, title, and interest in the Asserted Patents.  (*Id.* at ¶¶ 1, 20, 40, 60, 80, 100.)  The complaint further alleges that Best Buy infringes the Asserted Patents by using, selling, and/or offering for sale, Amazon's Fire tablets.  (*Id.* at ¶¶ 25, 45, 65, 85, 105.)  However, Corydoras's complaint makes clear that it is Amazon's technology—and not technology created or supplied by Best Buy, other than as a product retailer—that is the basis of Corydoras's infringement case.

Corydoras also alleges infringement by additional manufacturers other than Amazon: Microsoft, Dell, Alienware, HP, Acer, Google, Nokia and BLU.  (*Id.* at ¶ 18.)  However, Amazon's technology has no connection with the other manufacturers, beyond the allegation that each of the technologies separately infringe the same patents.  (*Id.* at ¶¶ 25, 45, 65, 85, 105.)

In response, Amazon filed this lawsuit on November 11, 2019, seeking declaration that Amazon's technology does not infringe the Asserted Patents.  (Dkt. 1 at ¶¶ 27, 34, 41, 48, 55.)  In the complaint, Amazon explains that Best Buy is only a retailer of the Accused Products and that any dispute about whether Amazon's technology infringes Corydoras's patents should be litigated in this court alone.  (*Id.* at ¶¶ 3, 12.)  The declaratory judgment action will resolve the infringement

issues in both this case and the Eastern District of Texas case that concern Amazon's Fire tablets

or any other Amazon technology.

III.    **ARGUMENT**

      **A.    Declaratory judgment actions brought by manufacturers must be resolved before duplicative customer suits.**

Federal Circuit law applies to requests for "injunctions arbitrating between co-pending

patent declaratory judgment and infringement cases in different district courts." *Lab. Corp. of Am.*

*Holdings v. Chiron Corp.*, 384 F.3d 1326, 1331 (Fed. Cir. 2004).    The Federal Circuit has

repeatedly held that declaratory judgment actions brought by the manufacturer or supplier of

accused technology—like this case—must be resolved before suits against downstream customers.

*Katz*, 909 F.2d at 1464.    This is because manufacturers or suppliers are the "true" defendants with

the greatest interest in and ability to defend their own technology:

> At the root of the preference for a manufacturer's declaratory
> judgment action is the recognition that, in reality, the manufacturer
> is the true defendant in the customer suit . . . it is a simple fact of life
> that a manufacturer must protect its customers, either as a matter of
> contract, or good business, or in order to avoid the damaging impact
> of an adverse ruling against its products.

*Id.* (quoting *Codex Corp. v. Milgo Elecs. Corp.*, 553 F.2d 735, 737–38 (1st Cir. 1977)).    The rule

is so well-settled that the Federal Circuit has twice ordered the extraordinary writ of mandamus

compelling a stay of customer suits in favor of declaratory judgment suits brought by upstream

suppliers. *In re Google*, 588 F. App'x 988; *In re Nintendo of Am., Inc.*, 756 F.3d 1363.

      In *In re Google*, patent holders Rockstar Consortium U.S. LP and Mobilestar Technologies,

LLC (collectively, "Rockstar") sued a number of mobile phone manufacturers in the Eastern

District of Texas, alleging patent infringement based on the use by Google customers of Google's

Android operating system.    588 F. App'x at 989.    Shortly thereafter, Google filed a complaint in

the Northern District of California seeking a declaratory judgment of non-infringement so that it

could remove any cloud of uncertainty over its operating system and its own branded mobile phones. *Id.* Rockstar responded by amending its complaints in Texas to add Google as a defendant to the customer cases and moving to dismiss or transfer the California action. *Id.* The California district court denied that motion because Rockstar's allegations targeted Google's Android operating system. *See id.*

Google and the phone manufacturers then moved to stay the customer suits in the Eastern District of Texas, which that court denied. *Id.* at 989–90. The Federal Circuit, however, issued a writ of mandamus directing the Eastern District of Texas to stay the customer suits, citing the "clear" inefficiency of having parallel proceedings involving the same patents and accused products:

> Given these facts, it is clear that there was no need to proceed with the five Texas actions because the one California action may suffice. Such circumstances present a classic case for a stay: The only potential results of adjudicating these cases in parallel fashion would be the Texas and California courts agree on the major issues of the litigation, thus producing wasteful and unnecessary litigation, or the courts disagree, thus producing conflicting decisions.

*Id.* at 990. The Federal Circuit found that even though the customers allegedly modified the accused operating system, the cases substantially overlapped, and "staying proceedings in Texas w[ould] likely further the[] objectives [of saving litigation resources] by mooting or at least advancing the 'major premises' being litigated in the Texas actions." *Id.* at 991 (quoting *Katz*, 909 F.3d at 1464). The Federal Circuit held that the Texas district court's refusal to stay the customer suits was "a clear abuse of discretion" because it "frustrate[d] the comity doctrine, requiring two federal district courts and the parties to expend resources to resolve substantially similar claims and issues." *Id.* at 991–92.

The Federal Circuit issued a similar mandate in *In re Nintendo of America, Inc.* There, Secure Axcess LLC sued retailers of Nintendo's video game systems for patent infringement. 756

4

F.3d at 1365.  The district court denied a motion brought by Nintendo and its retailers to sever and stay claims against the retailer defendants and to allow Nintendo to defend its video game system against Secure Axcess's infringement claims in another court.  In response to Nintendo's petition for a writ of mandamus, the Federal Circuit vacated the district court's denial and directed the district court to grant the motion.  In so doing, the Federal Circuit noted that "Nintendo's liability is predicate to recovery from any of the defendants, [and thus] the case against Nintendo must proceed first, in any forum."[1]  *Id*. at 1366.

According to this controlling authority, Amazon's declaratory judgment action must go forward before Corydoras's collateral and duplicative customer suit against Best Buy.  Any contrary result would be grossly inefficient.  It would require Amazon's customer Best Buy to litigate in another district the same issues this Court will resolve here:  whether the accused technology—Amazon's Fire tablets—infringes the patents asserted in that case.  These issues should be resolved in a single proceeding.  And Amazon is the most efficient party to litigate them.  Amazon designed and operates the accused technology.

---

[1] Following this guidance, courts around the country routinely stay customer litigation in favor of a declaratory judgment action brought by the manufacturer or provider of the accused technology.  *See, e.g.*, *CyWee Grp. Ltd. v. Huawei Device Co*., No. 17-cv-00495, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018); *Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc*., No. 16-cv-00618, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017); *IWP Banquet, LLC v. Target Corp*., No. 16–02082, 2016 WL 9450448 (C.D. Cal. Dec. 15, 2016); *Cellular Commc'ns Equip., LLC v. Apple Inc*., No. 14-cv-251, 2016 WL 6884648 (E.D. Tex. Aug. 26, 2016); *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc*., No. 16-cv-60693, 2016 WL 6678525 (S.D. Fla. June 8, 2016); *Voltstar Techs., Inc. v. Newslink of Miami*, LLC, No. 16-cv-80063, 2016 WL 4543072 (S.D. Fla. May 3, 2016); *cf. InfoGation Corp. v. ZTE Corp*., No. 16-cv-01901, 2016 WL 9525235 (S.D. Cal. Dec. 21, 2016) (declining to stay after finding defendants were manufacturers, not customers, of the accused technology); *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 5-CV-1202, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) (declining to stay where manufacturer could be accused of only indirect infringement); *Google Inc. v. Creative Labs, Inc*., No. 16-cv-02628, 2016 WL 6947564 (N.D. Cal. Nov. 28, 2016) (staying manufacturer action in favor of single first-filed ITC action to which manufacturer was a party).

The fact that Corydoras in its case has *also* accused Best Buy of infringement based on the sale of products made by other manufacturers like Microsoft and Dell does not change this conclusion. No allegations connect Amazon's devices to those of the other manufacturers. Amazon has located no authority that holds the customer-suit exception is inapplicable where the patentee attempts to join unrelated claims that concern devices from additional manufacturers. Moreover, Corydoras's suit against Best Buy doing just that appears to be an attempt to end-run around the joinder provision of the America Invents Act ("AIA"). *See* 35 U.S.C. § 299. That provision "adds a requirement that the transaction or occurrence [forming the basis of the suit] must relate to making, using, or selling of the same accused product or process." *In re Nintendo Co.*, 544 F. App'x 934, 939 (Fed. Cir. 2013); *see also Golden Bridge Tech., Inc. v. Apple Inc.*, No. 2:12-cv-4014-ODW(FFMx), 2012 WL 3999854, at *1-3 (C.D. Cal. Sept. 11, 2012) (finding misjoinder under § 299 even when different smartphone manufacturers allegedly used the same 3G process and incorporated the same processors). Congress enacted § 299 to "end[] the abusive practice of treating as codefendants parties who make completely different products and have no relation to each other." 157 Cong. Rec. H4426 (daily ed. June 22, 2011). Allowing Corydoras to maintain claims on unrelated products in the same action simply because it (improperly) sued a customer instead of the manufacturers would defeat Congress's express preference in the AIA that patentees should file such claims as separate actions.

The Court should enjoin Corydoras from pursuing its customer case until this action is resolved.[2]

---

[2] Corydoras's vexatious litigation tactics, and those of other patent assertion entities who exploit customer litigation, have attracted close scrutiny not only from the Federal Circuit and district courts across the country but also from Congress and the Federal Trade Commission ("FTC"). *See* Trade Comm'n, Patent Assertion Entity Activity: An FTC Study (2016), https://www.ftc.gov/system/files/documents/reports/patent-assertion-entity-activity-ftc-

**B.**   **According to longstanding Federal Circuit law, this Court can and should enjoin Corydoras from pursuing its duplicative customer suit.**

The Federal Circuit has expressly empowered district courts to enjoin patentees like Corydoras from pursuing duplicative customer litigation.[3]  *See Katz*, 909 F.2d at 1464; *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) ("We accordingly conclude that the District Court . . . , having the power to issue the preliminary injunction prayed for, abused its discretion in refusing to exercise that power."); *see also In re Google*, 588 F. App'x at 991–92 (district court's decision to deny motions for a stay was a clear abuse of discretion).

In *Katz*, for example, Katz sued two resellers of Smith & Wesson firearms in the Western District of New York.  909 F.2d at 1460–61.  Katz later sued Smith & Wesson's parent company for infringement in a case ultimately transferred to the Western District of Massachusetts.  *Id.*  The Massachusetts court enjoined Katz from pursuing his claims against the resellers so that the parties' respective claims could be resolved in a single case involving the true parties in interest.  *Id.* at 1462.  The Federal Circuit affirmed.  It clarified that the traditional four-part test for evaluating a preliminary injunction does not apply to a request to enjoin concurrent customer litigation.  Instead, the injunction should issue if "the issues and parties are such that the disposition of one case would be dispositive of the other."  *Id.* at 1463.  Applying this standard, the Federal Circuit

---

study/p131203_patent_assertion_entity_activity_an_ftc_study_0.pdf.  Congress tasked the FTC with preparing a report recommending policy changes aimed at "address[ing] the abusive practices of patent assertion entities (PAEs) that are a drag on innovation, competition, and our economy," and duplicative customer suits were among the abusive practices expressly identified.  (*Id.* at E-2.)  In the resulting report, the FTC confirms that district courts should be encouraged "to stay actions against end-users until the manufacturer suit has been resolved."  (*Id.* at 12.)

   [3] The grant or denial of an anti-suit injunction is also subject to immediate Federal Circuit review.  *See Lab. Corp.*, 384 F.3d at 1328–31; 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.").

noted that the manufacturer suit would resolve the major issues in the customer case.  *Id.* at 1464.

More recently, in *ProBatter Sports, LLC v. Joyner Technologies, Inc.*, a district court enjoined a patent plaintiff from pursuing its cases against customers of the true manufacturer defendant.  463 F. Supp. 2d 949, 956 (N.D. Iowa 2006).  There, plaintiff ProBatter Sports sued Joyner Technologies alleging infringement of patents related to baseball pitching simulation through the use of Joyner's ALLSTAR PRO 5000 display system with the Home Plate programmable pitching machine.  *Id.* at 951.  ProBatter later sued several of Joyner's customers, asserting infringement based on the use of the same technology.  The court found that because the same two patents were at issue, resolution of the manufacturer suit would "significantly advance" the customer suits.  *Id*. at 956.  It therefore enjoined ProBatter from prosecuting the customer suits.  *Id.*  The court rejected ProBatter's argument that the customer cases involved different parties and separate acts of infringement, holding that "it was sufficient that . . . resolution of the major issues before that court, including patent infringement [and] patent validity . . . [would] resolve these issues as to their customers."  *Id.* at 955 (quoting *Katz*, 909 F.2d at 1464) (internal quotations omitted).

The notion of enjoining patent plaintiffs from pursuing duplicative customer suits is hardly new or controversial.  Over the past several decades, appellate and district courts throughout the land have issued injunctions preventing patent plaintiffs from engaging in this form of abuse.  *See, e.g.*, *Codex*, 553 F.2d at 736–38 (reversing district court's denial of injunction against prosecution of first-filed customer suit); *Crosley*, 122 F.2d at 927–30 (finding district court abused its discretion in declining to enjoin lawsuits in favor of a declaratory judgment action); *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 177, 179 (2d Cir. 1969) (affirming injunction); *Ciena Corp. v. Nortel Networks Inc.*, No. 05 CV 14, 2005 WL 1189881, at *9–10 (E.D. Tex. May 19, 2005)

(enjoining plaintiff from pursuing ITC claims against manufacturer's technology partners).[4]

Consequently, this Court may grant Amazon the relief it seeks.  And it should.  Amazon's declaratory judgment action will moot Corydoras's customer suit against Best Buy.  *See Katz*, 909 F.2d at 1464.  Corydoras's complaint alleges infringement of the same patents and accuses the same Amazon technology at issue in this case; it does not allege that Best Buy designs, manufactures, or modifies the Amazon Fire tablets.  *See Cellular Commc'ns Equip.*, 2016 WL 6884648, at *2 (staying customer suits where plaintiff "proffered no evidence suggesting that the [customers] had any meaningful role in the design or manufacture of the component that implements the patented [] functionality").  Consequently, "the issues and parties are such that the disposition of one case would be dispositive of the other."  *Katz*, 909 F.2d at 1463; *see also ProBatter*, 463 F. Supp. 2d at 956.

Specifically, if Amazon wins a judgment of non-infringement in this case, Corydoras cannot prove infringement by Amazon's customer.  If, on the other hand, Corydoras prevails on its anticipated infringement counterclaims in this case, it will win a damages award from Amazon and would be unable to recover in a later action against Amazon's customers based on their use of the same technology.  *See Shifferaw v. Emson USA*, 2:09–CV–54–TJW–CE, 2010 WL 1064380, *3 (E.D. Tex. Mar. 18, 2010) (plaintiff cannot receive a double recovery of damages from sales by retailers and manufacturers); *LG Elecs., Inc. v. Asustek Comps.*, 126 F. Supp. 2d 414, 422 (E.D. Va. 2000) ("If the court does find them liable, and allows LGE to collect royalties from Asustek

---

[4] Although the "traditional four-part test" does not apply here, *Katz*, 909 F.2d at 1462–63, at least one court has found that an anti-suit injunction against customer cases meets that standard. *See Finisar Corp. v. Cheetah Omni, LLC*, No. 11-cv-15625, 2012 WL 12931575, at *4–6 (E.D. Mich. Nov. 19, 2012) (enjoining declaratory judgment defendant from prosecuting its patents against manufacturer plaintiff's customers after application of the four-factor *eBay* test "because those same claims will be fully adjudicated in this Court").

and Asus, LGE cannot then in turn collect royalties from the entity to whom the infringer sells the product."). Thus, Amazon's declaratory judgment action will resolve Corydoras's claims against any Amazon customers.

Under these circumstances, Federal Circuit law dictates that an injunction should issue to prevent duplicative, vexatious, and potentially inconsistent litigations.

## IV.    CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court enjoin Corydoras, its privies, and all those in active consort therewith having received notice, from litigating any case against any person in any venue in which Amazon's Fire Tablets are accused of infringing any of the patents involved in this action.

Respectfully submitted,

*/s/ Ravi R. Ranganath*

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax:  (512) 263-2166

J. David Hadden, CSB No. 176148
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
Email:  sshamilov@fenwick.com
Ravi R. Ranganath, CSB 272981
Email:  rranganath@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Todd R. Gregorian, CSB No. 236096
Email: tgregorian@fenwick.com
Min Wu, CSB No. 307512
Email: min.wu@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

*Counsel for*
AMAZON.COM, INC.

January 14, 2020

10

## CERTIFICATE OF SERVICE

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

<em>/s/ Ravi R. Ranganath</em>

## CERTIFICATE OF CONFERENCE

On the 13th day of January 2020, the undersigned counsel conferred with opposing counsel concerning the relief sought in this Motion, and was advised that opposing counsel opposed this Motion.  The parties disagree over whether Corydoras Technologies, LLC's customer suit in the Eastern District of Texas should proceed.

/s/ Min Wu
Min Wu

12