**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| AMAZON.COM, INC., | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 1:19-cv-1095 |
| CORYDORAS TECHNOLOGIES, LLC | § § | **DEMAND FOR JURY TRIAL** |
| Defendant. | § § | |

**CORYDORAS' OPPOSITION TO OPPOSED MOTION OF AMAZON.COM, INC.
TO ENJOIN CORYDORAS TECHNOLOGIES, LLC FROM
LITIGATING CUSTOMER SUIT (DOC. 13)**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   STATEMENT OF FACTS ................................................................................................. 3

III.  ARGUMENT ....................................................................................................................... 5

    A.   The Guiding Principles Of Efficiency And Judicial Economy In The
        Customer Suit Exception Are Not Met ...................................................................... 5

    B.   Enjoining Corydoras From Proceeding Against Best Buy Is Improper
        Because This Case Will Not Dispose Of The E.D. Tex Action ................................ 9

IV.   CONCLUSION .................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Cases**

*Cellular Communications Equipment, LLC v. Apple Inc*,
   2016 WL 6884648 (E.D.Tex. Aug. 26, 2016) .............................................................. 10

*Cherdak v. Stride Rite Corp.*,
   396 F.Supp.2d 602 (D.Md. 2005) .............................................................................. 6

*Cisco Systems, Inc. v. Tivo, Inc.*,
   2012 WL 3279532 (N.D. Cal. Aug 10, 2012) ............................................................ 5

*Contentguard Holdings, Inc. v. Google, Inc.*,
   2014 WL 1477670 (E.D. Tex. April 15, 2014) ................................................... 5, 7, 9

*Crosley Corp. v. Hazeltine Corp.*,
   122 F.2d 925 (3d Cir. 1941) ....................................................................................... 9

*Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*,
   2016 WL 1659924 (E.D. Tex. April 26, 2016) ......................................................... 5, 7

*In Re Google*,
   588 F.App'x 988 (Fed. Cir. 2014) .......................................................................... 7, 8, 9

*In Re Nintendo*,
   756 F.3d 1363 (Fed. Cir. 2014) ............................................................................ 2, 7, 8

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) .................................................................................. 5

*Katz v. Lear Siegler, Inc.*,
   909 F. 2d 1459 (Fed. Cir. 1990) ........................................................................ passim

*ProBatter Sports, LLC v. Joyner Technologies, Inc.*,
   463 F. Supp2d 949 (N.D. Iowa 2006) ....................................................................... 10

*Shifferaw v. Emson USA*,
   2010 WL 1064380 (E.D.Tex. Mar. 18, 2010) ............................................................ 10

*Tegic Communications Corp. v. Board of Regents of the Univ. of Texas Sys.*,
   458 F.3d 1335 (Fed. Cir. 2006) .......................................................................... 1, 5, 6

I.       **INTRODUCTION**

For the reasons set forth in Corydoras' Motion to Dismiss (Doc. 11), this Court should deny Amazon's Opposed Motion to Enjoin Corydoras Technologies, LLC from Litigating Customer Suit ("Motion to Enjoin")(Doc. 13), and dismiss Amazon's Complaint for Declaratory Judgment (Doc. 1), or transfer it to the Eastern District of Texas.[1] Under the facts of this case, the injunctive relief sought in Amazon's Motion to Enjoin is contrary to the guiding principles of efficiency and judicial economy underlying the customer suit exception. See *Tegic Communications Corp. v. Board of Regents of the Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). Further, because this case will not dispose of the first filed case against Best Buy in the Eastern District of Texas ("the E.D. Tex Action"), Amazon's request for an injunction should be denied. See *Katz v. Lear Siegler, Inc.*, 909 F. 2d 1459, 1463 (Fed. Cir. 1990). Courts analyzing similar fact patterns to the present case routinely find the customer suit exception inapplicable. Several facts that distinguish this case from the cases relied upon by Amazon include:

- Amazon is not the sole source of the accused devices in the E.D. Tex Action.

- This suit will not resolve all of Best Buy's liability because this suit will not resolve the infringement issues related to Best Buy's use, sale and offering to sell devices manufactured by Microsoft, Dell, Alienware, HP, Acer, Google, Nokia and BLU ("non-Amazon products"). Therefore, the E.D. Tex Action that involves the same patents at issue in this case, will proceed at least as to the non-Amazon products.

---

[1] This Opposition is subject to and without waiver of Corydoras' Motion to Dismiss (Doc. 11), including its motion to dismiss for improper venue. As the issues and facts in Corydoras' Motion and Amazon's Motion are related, Corydoras refers the Court to and incorporates by reference the facts, arguments and attachments in Corydoras' Motion to Dismiss.

- This suit cannot resolve all of Best Buy's liability related to the Amazon devices. Best Buy is not merely a reseller, but has instead engaged in activities that create substantial differences in the potential liabilities of Best Buy and Amazon. More specifically, this suit will not resolve issues related to the activities committed by Best Buy that induce its customers to perform methods that infringe the asserted claims.

- Amazon's Alexa software has been preloaded on certain Dell devices accused of infringement in the E.D. Tex Action. These devices are not part of this case and this case will not dispose of Best Buy's infringement related to these devices.

- Amazon has presented no evidence that Best Buy agrees to be bound by the decisions in this case. Best Buy has represented there is no relevant indemnity related to the E.D.Tex. Action

At the root of Amazon's argument is its contention that two lawsuits involving the same patents are more efficient and use less judicial resources than one suit. Amazon's request for two courts to resolve matters involving the same patents frustrates the purpose of the customer suit exception articulated in *In Re Nintendo*, 756 F.3d 1363 (Fed. Cir. 2014) "to facilitate just, convenient, efficient and less expensive determination." The relief sought by Amazon will needlessly increase the cost of litigation, the use of judicial resources, and the risk of inconsistent rulings. Amazon's conclusory statement (Motion to Enjoin, p.1) that "significant resources-both public and private-would be saved" completely ignores the fact that under Amazon's proposed case administration, Corydoras' case will continue to proceed against Best Buy for its infringement of the non-Amazon products sold by Best Buy (some of which include Amazon software). It is implausible for Amazon to argue that two lawsuits over the same patents will not increase the cost of litigation, require more judicial resources and increase the risk of inconsistent rulings. All issues concerning Best Buy and Amazon can be efficiently decided in the Eastern District of Texas.

Further, Amazon's Motion to Enjoin assumes venue is proper in this Court. For the reasons set forth in Corydoras' Motion to Dismiss (Doc. 11), Corydoras does not have sufficient minimum contacts with this District to make venue proper under 28 U.S.C. Section 1391, and Amazon's declaratory judgment action should be dismissed, or transferred to the Eastern District of Texas where nine previously-filed lawsuits concerning the patents at issue here have been filed, and the action against Best Buy is pending.

## II.    STATEMENT OF FACTS

Corydoras filed the E.D. Tex Action against Best Buy Co., Inc. and Best Buy Stores, L.P. (collectively "Best Buy") on September 4, 2019 asserting that Best Buy infringed five U.S. patents. (Doc. 1-1, Ex. A). Four of the patents include apparatus and method claims. The method claims asserted by Corydoras against Best Buy omit certain limitations that are present in the apparatus claims. As one example, method claim 3 of U.S. Patent 7,945,256 does <u>not</u> include the limitation directed to the "multiple function implementor" that is present in apparatus claim 1. (Compare Doc. 1-3, Ex. C, col 32, lines 64-65 and col 33, lines 36-53). Asserted U.S. Patents 7,996,037 and 8,024,009 also share this distinction between the method and apparatus claims. (Doc. 1-4, Ex. D and Doc. 1-5, Ex. E). The significance of the differences between claim language in the apparatus and method claims is that, for example, the method claims could be held to be infringed when the method is performed by a user induced by Best Buy, without regard to a finding concerning the apparatus claim.[2]

---

[2]    On page 1 and pages 2-3 of its Motion, Amazon characterizes the infringement issue as simply a finding that Amazon infringes or that it does not. That is an over-simplification that ignores the differences in the apparatus and method claims. For example, a court could find that the apparatus claim is not infringed by Amazon and that Amazon does not perform the steps of the claimed method. However, a court may also find that customers of Best Buy perform the claimed method and are being induced by Best Buy. Under that scenario, if this Court enjoins Corydoras from seeking redress against Best Buy for the accused Amazon devices, Corydoras would be deprived of its right to any recovery because it was not allowed to proceed against Best Buy. Thus,

In the E.D. Tex Action, Corydoras asserted that Best Buy infringed the asserted patents by selling, offering to sell and using devices made by Microsoft, Dell, Alienware, HP, Acer, Amazon, Google, Nokia and BLU. Corydoras also asserted that Best Buy induced the infringement of Best Buy's customers that use the accused devices. (Doc. 1-1, Ex. A, para 18). Corydoras alleged that Best Buy induced infringement by encouraging customers' infringement via Best Buy's own website literature and services that Best Buy provides to its customers. (See for example Doc. 1-1, Ex. A, para 19, 35, 37, 55 and 57). As one example, Best Buy offers "Smart Lighting Setup" services to "help users download the remote control app, register[] the smart lighting setup, enable[] personalized settings, and/or make[] sure the device is working properly (including the remote control)." (Doc. 1-1, Ex. A, para 19).[3] In other words, Best Buy is not "only a retailer;" it actively promotes and encourages its customers to engage in activities that meet limitations of the asserted claims.

Best Buy disclosed in the E.D. Tex Action that no indemnity agreement exists between it and any of the manufacturers: "Based on information currently available, Defendants are unaware of any relevant indemnity or insuring agreements." (Ex 1, p. 8). Amazon has not presented any evidence that Best Buy has agreed to be bound by any rulings made by this Court.

Amazon stated that its technology has no connection with the other manufacturers. (Motion to Enjoin, p. 2). That is not true. In the E.D. Tex Action, Corydoras alleges that Best Buy's sale, offer for sale, use and its inducement of customer's use of certain Dell laptops infringes the asserted patents, including the '256 patent. Some of the Dell laptops sold by Best Buy include

---

Amazon cannot meet the requirement for an injunction under the *Katz* standard – disposition of this case will not dispose of the issues in the E.D. Tex Action. *Katz*, 909 F.2d at 1463.

[3]  Amazon's Statement of Facts, p. 2, omits the fact that Corydoras is also alleging that Best Buy induces infringement of its customers.

Amazon's "alexa built-in" software, such as the Dell Inspiron 13 7000 (Model 7386). (Ex. 2). Corydoras contends this Amazon software provides those Dell devices with the capability to remotely control another device, such as a smart light bulb.

### III.    ARGUMENT

#### A. The Guiding Principles Of Efficiency And Judicial Economy In The Customer Suit Exception Are Not Met

The E.D. Tex Action is the first filed suit, and the general rule is that "'as a principle of sound judicial administration, the first suit should have priority,' absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).[4] The first-to-file rule should not be disregarded lightly. *Cisco Systems, Inc. v. Tivo, Inc.*, 2012 WL 3279532, *1 (N.D. Cal. Aug 10, 2012). "The 'first-to-file' rule 'is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions.'" *Contentguard Holdings, Inc. v. Google, Inc.*, 2014 WL 1477670, *2 (E.D. Tex. April 15, 2014).

The customer suit exception is an exception that is <u>sometimes</u> applied to the general rule that favors the forum of the first-filed action.[5]  "[A] primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Katz*, 909 F2d at 1463. Amazon has the burden to establish that it would be more efficient for this declaratory judgment action to proceed. *Tegic*, 458 F. 3d at 1343. Amazon has failed to make the required

---

[4]   Corydoras is a company managed by the inventor of the patents-in-suit.  Pursuant to 35 U.S.C. Section 271, Corydoras is permitted to assert its patent rights against another party that is selling, offering to sell or using its claimed technology, or inducing infringement.  Pursuant to that statutory right, Corydoras filed its lawsuit against Best Buy.

[5]   Judge Bryson (citing to the *Katz* decision relied on by Amazon) has recognized that "courts <u>sometimes</u> approve proceeding with the case against the manufacturer and staying the first-filed action against the customer." *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, 2016 WL 1659924, *2 (E.D. Tex. April 26, 2016) (underlining added).

showing in this instance.

Amazon claims on page 6 of its Motion to Enjoin that it found no authority that the customer suit exception does not apply when a party is accused of infringement based on devices from more than one manufacturer. Amazon's claim is disingenuous. The Federal Circuit's *Tegic* decision cited in Corydoras' earlier filed Motion to Dismiss (Doc. 11) involved that fact pattern. In that case, the patent owner (the University) filed suit in this District charging 48 cellular telephone companies with infringement of certain software used in cell phones. Tegic then filed a declaratory judgment action of noninfringement and invalidity against the University asserting that the University's lawsuit was actually directed against Tegic as the manufacturer of the software. On appeal, the Federal Circuit addressed an immunity issue and the customer suit exception in its ruling. The Federal Circuit's analysis of the customer suit exception started with the recognition that "the guiding principles in the customer suit exception are efficiency and judicial economy." *Tegic,* at 1343. In its reasoning, the Court summarized the University's points that the cellular phone companies were not mere resellers, had not agreed to be bound to any decision in favor of Tegic and that Tegic was not the only source of the software used in the phones alleged to infringe. *Id*. The Federal Circuit then stated "[w]e agree that it would not be demonstrably more efficient to stay the Texas suits in favor of Tegic's manufacturer suit in Washington, even if immunity were deemed waived." *Id*. Just as in *Tegic*, the E.D. Tex Action involves devices manufactured by other companies.

In *Cherdak v. Stride Rite Corp*., 396 F.Supp.2d 602 (D.Md. 2005), the court declined to apply the customer suit exception. In that case, the customer (Stride Rite) filed a motion to stay the lawsuit brought by the patent owner in view of another case brought against BBC. The court denied Stride Rite's motion for several reasons, but "[m]ost importantly, the determination of BBC's liability will not entirely determine Stride Rite's liability; not all of Stride Rite's accused

products were purchased from BBC." *Id*. at 605.

The decision in *Contentguard Holdings* is yet another decision finding the customer suit exception inapplicable. In *Contentguard*, the patent owner filed one action against several device companies. Google was one supplier of the technology asserted to infringe in that case. Google thereafter filed a declaratory judgment action against the patent owner. Google then sought to stay the action brought by the patent owner, invoking the customer suit exception. The court denied the request for a stay. "[R]esolution of Google's declaratory judgment action would not be dispositive of the Amazon action. First, Google is not the only supplier of allegedly infringing technology in the Amazon case." *Contentguard*, at *3. The court concluded that the declaratory judgment action would not resolve all charges against the customers in the Amazon case and permitting the declaratory judgment action to take precedence over the Amazon case would not support the best interest of efficiency or judicial economy. *Id*.

Amazon also argues that courts routinely stay customer suit litigation in favor of the manufacturer. However, it is equally routine for courts to decline a motion to stay. For example, in *Erfindergemeinschaft*, the court declined to stay the case under the customer suit exception. In that case, just as in the case before this Court, the infringement issues were not entirely common between Best Buy and Amazon. As explained above, this case cannot resolve the issue of Best Buy's inducement of infringement by Best Buy's customers.

Amazon's argument that this case must be resolved before the E.D. Tex Action is an overstatement of the law. Neither *Katz*, *In Re Nintendo* nor *In Re Google*, 588 F.App'x 988 (Fed. Cir. 2014) support application of this exception under the facts of this case. Amazon cites *Katz* to argue "Federal Circuit law is clear" that the "customer suit exception" applies in Amazon's favor, quoting from *Katz* on page 1 of its motion. Amazon's quote crops important language from the Federal Circuit's reasoning in *Katz* that is harmful to Amazon and supports Corydoras' position

that the customer suit exception does not apply in this case. The complete quote in *Katz* is: "However, <u>this point was not substantiated,</u> and <u>on the record before us</u> this case <u>fits</u> the 'customer suit' exception, whereby litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Id*. at 1464 (underlining added). [6] Amazon's omission of a distinction that courts find significant is telling.

Amazon also relies heavily on *In re Nintendo of America, Inc*., 756 F3d 1363 (Fed. Cir. 2014). However, the facts of that case stand in stark contrast to the fact pattern presented to this Court. In *In re Nintendo*, the patent owner filed suit against Nintendo and eleven retailers. In contrast, Corydoras filed suit only against Best Buy. In *In re Nintendo*, the products accused of infringement only came from Nintendo, and no other manufacturer. The issues of infringement were common to Nintendo and its retailers in that case – which in that case meant that the patent owner had no claim against the retailers unless it prevailed on its infringement claims against *Nintendo*. *Id*. at 1366. Thus, the Federal Circuit applied the customer suit exception under those facts. *In Re Nintendo* is not controlling because a determination in this case will not resolve the inducement allegations asserted against Best Buy in the E.D. Tex Action, nor will it resolve the claims made against the non-Amazon devices. *In Re Nintendo*, 756 F.3d at 1365. Because this case cannot resolve all of Best Buy's liability, Amazon's liability is not predicate to recovery from Best Buy. Amazon's request for injunctive relief is counter to "facilitate[ing] just, convenient, efficient, and less expensive determination." *Id*. at 1365.

The facts of *In re Google* are likewise substantially different. In that case, the patent owner filed five separate actions against cell phone manufacturers that were customers of Google.

---

[6] The "unsubstantiated" point referred to by the Federal Circuit was patent owner's argument that the customers were also dealers of several other manufacturers. *Id*.

Google filed a declaratory judgment action in response to those lawsuits. The Federal Circuit stated "[g]iven these facts, it is clear that there was no need to proceed with the five Texas actions because the one California action may suffice. Such circumstances present a classic case for a stay." *Id*. at 990. In reaching its decision, the Court recognized that under the doctrine of comity, there is a strong preference to avoid duplicative litigation. *Id*. That case is also significantly different because the cellular companies' only source of the accused technology was Google. Here, Corydoras filed one suit against Best Buy; and Amazon is not the sole source of the infringing products. Amazon is advocating for more litigation through this case since the E.D. Tex Action will proceed. This is completely counter to the strong preference to avoid duplicative litigation emphasized in *In re Google*.[7]

The guiding principles of efficiency and judicial economy are not met by having two courts preside over two cases involving the same patents. Further, since this case will not dispose of all of Best Buy's liability and Amazon's technology is also in non-Amazon devices that are not the subject of this case, "the primary question [] whether the issues and parties are such that the disposition of one case would be dispositive of the other" is not met. *See Contentguard* at *3.

### B. Enjoining Corydoras From Proceeding Against Best Buy Is Improper Because This Case Will Not Dispose Of The E.D. Tex Action

For the reasons set forth above, an order enjoining Corydoras from proceeding in the E.D Tex Action against Best Buy for its direct infringement and inducing infringement related to Amazon's devices would be improper.

The cases cited by Amazon on pages 7-10 of its Motion do not apply to the facts of this

---

[7] Amazon provides a string cite in footnote 1 of its Motion to Enjoin, p. 5 to cases that stayed customer litigation. Those cases merely highlight the significant differences between this case and those decisions, such as the accused devices being from a sole supplier and Best Buy's potential liability for inducement that is distinct from Amazon's potential liability.

case. For example, *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941) does not support Amazon; instead it supports Corydoras' position that the first filed case should proceed and the later filed action over the same patents should not be allowed to proceed. *Id*. at 930. Amazon's reliance on *Katz* is also misplaced because disposition of this case will not be dispositive of the E.D. Tex Action. *ProBatter Sports, LLC v. Joyner Technologies, Inc*., 463 F. Supp2d 949 (N.D. Iowa 2006) does not move the needle in favor of Amazon as the infringing devices originated from a single manufacturer that had been sued and thereafter the manufacturer's customers were sued in separate actions. Furthermore, unlike *ProBatter*, proceeding in this case will not dispose of the E.D. Tex Action and will needlessly increase the cost of litigation and use of judicial resources. Amazon's reliance on *Cellular Communications Equipment, LLC v. Apple Inc*, 2016 WL 6884648, *1 (E.D.Tex. Aug. 26, 2016) is misplaced as it too is a case involving a single manufacturer of the customer's alleged infringement. *Shifferaw v. Emson USA*, 2010 WL 1064380 (E.D.Tex. Mar. 18, 2010) cited on page 9 of Amazon's motion supports Corydoras. That case also involved a manufacturer that was the sole source of the customers' accused devices. And just as significantly, the court stated "this is not a case where severance will create multiple lawsuits… [t]his is also not a case where severance will impose a significant burden on the plaintiff, witnesses, or the federal court system. Finally, there is no risk of inconsistent claim construction and adjudication by multiple courts." [8] However, Amazon's requested injunction creates these problems.

### IV.   CONCLUSION

Applying the "customer suit exception" in this case would be contrary to the exception's primary purpose of efficiency and judicial economy, and will not dispose of the E.D. Tex Action. Amazon's Motion should be denied.

---

[8]   Amazon's cite to two cases on page 6 of its Motion to Enjoin and 28 U.S.C. Section 299 is misplaced because the E.D. Tex Action is not a multi-defendant case.

Respectfully submitted,

Dated: January 28, 2020   By:   */s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Matthew J.M. Prebeg
Texas Bar No. 00791465
mprebeg@pfalawfirm.com
Stephen W. Abbott
Texas Bar No. 00795933
sabbott@pfalawfirm.com
Christopher M. Faucett
Texas Bar No. 00795198
cfaucett@pfalawfirm.com
Brent Caldwell
Texas Bar No. 24056971
bcaldwell@pfalawfirm.com
**PREBEG, FAUCETT & ABBOTT PLLC**
8441 Gulf Freeway, Suite 307
Houston, Texas 77017
Telephone:   (832) 742-9260
Facsimile:   (832) 742-9261

John T. Polasek (admitted Pro Hac Vice)
Texas Bar. No. 16088590
ted@epiplawyers.com
Elliott & Polasek, PLLC
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile: (832) 778-6010

*Attorneys for Defendant,*
*Corydoras Technologies, LLC*

P a g e | 12

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of January 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first-class mail on this same date.

/s/ Elizabeth L. DeRieux