IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMAZON.COM, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>CORYDORAS TECHNOLOGIES, LLC,<br><br>          Defendant. | Civil Action No. 1:19-cv-01095-RP |

**REPLY IN SUPPORT OF MOTION OF AMAZON.COM, INC.
TO ENJOIN CORYDORAS TECHNOLOGIES, LLC
<u>FROM LITIGATING CUSTOMER SUIT</u>**

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

J. David Hadden, CSB No. 176148
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
Email: sshamilov@fenwick.com
Ravi R. Ranganath, CSB 272981
Email: rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

Todd R. Gregorian, CSB No. 236096
Email: tgregorian@fenwick.com
Min Wu, CSB No. 307512
Email: min.wu@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

*Counsel for* AMAZON.COM, INC.

## TABLE OF CONTENTS

                                                                          **Page**

I.    THE FACT THAT CORYDORAS ALLEGES INFRINGEMENT IN THE CUSTOMER CASE BASED ON OTHER NON-AMAZON PRODUCTS DOES NOT WEIGH AGAINST AN INJUNCTION ................................................................... 1

II.   THE FACT THAT CORYDORAS ASSERTS METHOD CLAIMS AND ALLEGES INDUCEMENT DOES NOT MATTER. ........................................................ 4

III.  CORYDORAS'S OTHER REASONS FOR NOT APPLYING THE CUSTOMER SUIT DOCTRINE SIMILARLY FAIL. ................................................................................ 5

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Cherdak v. Stride Rite Corp.*,
    396 F. Supp. 2d 602 (D. Md. 2005) ....................................................................................3

*Contentguard Holdings, Inc. v. Google, Inc.*,
    No. 14-cv-00061, 2014 WL 1477670 (E.D. Tex. Apr. 15, 2014).........................................3

*Corydoras Techs. LLC v. Best Buy Co.*,
    No. 2:19-cv-00304-JRG-RSP (E.D. Tex.), Dkt. 32 ..............................................................5

*CyWee Grp. Ltd. v. Huawei Device Co.*,
    No. 2:17-CV-495-WCB, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018).............................3

*Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*,
    2:15-CV-1202-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ..............................4, 5

*Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
    No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398 (E.D. Tex. Jan. 24,
    2017) ....................................................................................................................................5

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) ..............................................................................1, 2, 3

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014)........................................................................................2, 3

*Katz v. Lear Siegler, Inc.*,
    909 F. 2d 1459 (Fed. Cir. 1990).................................................................................1, 2, 3, 4

*QFO Labs, Inc. v. Best Buy Stores, L.P.*,
    No. 17-5011, 2018 WL 3966313 (D. Minn. Aug. 17, 2018) ...............................................1

*Select Retrieval, LLC v. L.L. Bean, Inc.*,
    No. 12 C 0003, 2013 WL 1099754 (D. Me. Mar. 15, 2013) ...........................................1, 5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011)............................................................................................1

*Tegic Communications Corp. v. Board of Regents of the University of Texas
    System*,
    458 F.3d 1335 (Fed. Cir. 2006).......................................................................................2, 3

*Ultra Prods., Inc. v. Best Buy Co.*,
    No. 09–1095 (MLC), 2009 WL 2843888 (D.N.J. Sept. 1, 2009) ........................................1

Federal Circuit law is clear: declaratory judgment actions brought by the supplier of accused technology—here, Amazon—must be resolved before suits against downstream customers. *Katz v. Lear Siegler, Inc.*, 909 F. 2d 1459, 1463-64 (Fed. Cir. 1990). The remedy that gives effect to this mandate is an injunction. *See id.* Corydoras argues no injunction should issue because it asserts slightly different claims against Best Buy than it anticipates asserting in this case. But the law requires only the manufacturer's declaratory judgment action have the potential to resolve "the major premises" in the customer suit. *Id.* at 1464. That is why a long line of Federal Circuit and district court cases have rejected the same arguments made by Corydoras here.[1] This Court will resolve Corydoras's claims against Amazon technology, which are a necessary predicate to any potential claim against Amazon's customers. Those claims should not be litigated in parallel in another Court.

I. **THE FACT THAT CORYDORAS ALLEGES INFRINGEMENT IN THE CUSTOMER CASE BASED ON OTHER NON-AMAZON PRODUCTS DOES NOT WEIGH AGAINST AN INJUNCTION.**

Corydoras argues the customer suit doctrine does not apply, and enjoining its claims against Amazon technology would be inefficient, because in the E.D. Tex. case it accuses non-Amazon products alongside Amazon products. (Opp. at 5-6.) Corydoras is wrong. This case will go forward whether or not Corydoras is enjoined from pursuing its claims in the E.D. Tex. case, and it will necessarily resolve Corydoras's claims against Amazon technology. (*See* Dkt. 1, ¶¶ 29, 36,

---

[1] *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014) (instructing district courts to apply customer suit doctrine if "substantial savings of litigation resources can be expected"); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("[W]e clarified that the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer."); *QFO Labs, Inc. v. Best Buy Stores, L.P.*, No. 17-5011 (JRT/TNL), 2018 WL 3966313, at *3, *5 (D. Minn. Aug. 17, 2018) (applying customer suit doctrine where the retailers sold products from multiple sources); *Ultra Prods., Inc. v. Best Buy Co.*, No. 09–1095 (MLC), 2009 WL 2843888, at *4 (D.N.J. Sept. 1, 2009) (staying customer suit even where the customer allegedly induced infringement through advertisement); *Select Retrieval, LLC v. L.L. Bean, Inc.*, No. 12 C 0003, 2013 WL 1099754, at *5 (D. Me. Mar. 15, 2013) (stating that a manufacturer's agreement to indemnify its customers "obviates" any need of an agreement by the customers to be bound by the manufacturer's suit).

43, 50, 57.)  In opposing an injunction, Corydoras asks the Court to permit it to prosecute claims against Amazon technology in the Best Buy case while those same or nearly identical claims are resolved here.  That is exactly the inefficient result the Federal Circuit has repeatedly directed district courts to avoid.  *Google*, 588 F. App'x at 991 (issuing writ of mandamus directing district court to stay customer suits).  That the E.D. Texas court will resolve claims against other unrelated technology is irrelevant.  District courts routinely apply the customer suit doctrine in cases involving technology from more than one supplier.[2]  (*See* Amazon's Response to Corydoras's Motion to Dismiss (Dkt. 25, "Opp. to MTD") at 9.)

Corydoras argues the Federal Circuit's decisions in *Katz*, *Nintendo*, and *Google* do not apply because the customer suits there involved a single supplier of technology.  (Opp. at 7-9.) But the Federal Circuit has rejected distinctions of this type in favor of a "flexible approach" that requires deferring to a manufacturer's suit where "substantial savings of litigation resources can be expected."  *See Google*, 588 F. App'x at 991; *see also Katz* 909 F.2d at 1464 (stating that while "there may be additional issues" in the customer actions, "their prosecution will be advanced" if the manufacturer "is successful on the major premises" in its case); *Nintendo*, 756 F.3d at 1366 (requiring only that "the administration of justice . . . be materially advanced") (citation omitted). That is the case here.  It also does not matter that *Nintendo* and *Google* involved *multiple* customer suits.  (*See* Opp. at 8-9.)  Absent an injunction, nothing stops Corydoras from asserting identical infringement claims against other resellers of Amazon products.[3]

*Tegic Communications Corp. v. Board of Regents of the University of Texas System*, 458

---

[2] The same standard applies to both injunctions and stays under the customer suit doctrine.  Indeed, the recent Federal Circuit cases discussing requests to stay customer suits expressly rely on *Katz*, an injunction case, for the appropriate standard.  *See Google*, 588 F. App'x at 991; *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014).

[3] Corydoras attempts to distinguish *ProBatter*, *Cellular Communications Equipment* and *Shifferaw*—cases in which district courts enjoined customer suits—on the basis that those cases involved only a single source of the accused technology. (Opp. at 10.)  But as discussed above, that distinction does not matter under the Federal Circuit's standard for the customer suit doctrine.

F.3d 1335 (Fed. Cir. 2006), on which Corydoras relies, does not hold otherwise. There, the Federal Circuit held the University of Texas's suit against a Tegic customer did not "override" or waive sovereign immunity, subjecting it to a separate suit from Tegic. *Id*. at 1343. While the panel noted its holding served the efficiency goals of the customer suit doctrine, its discussion is pure dicta. *See id.*; *see also CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018) (staying customer suit under *Google* and noting *Tegic* factors are not binding). Indeed, the court in *Tegic* emphasized the "guiding principles" in customer suit cases are "efficiency and judicial economy." *See Tegic*, 458 F.3d at 1343. Those principles compel an injunction here, because Amazon's declaratory judgment action is not subject to a sovereign immunity bar and will go forward in parallel with the customer suit absent an injunction or stay.[4]

Corydoras's judicial economy argument also ignores another important rationale for the customer suit doctrine: the manufacturer is the "true defendant" in customer suits like this one and has a right to defend its own technology. *Katz*, 909 F.2d at 1464. Applying the customer suit doctrine in this case would therefore protect Amazon's interest as the technology supplier and the party most capable of defending the technology. (*See* Opp. to MTD at 6-7.)

The Court should also enjoin Corydoras's claims against Amazon technology because allowing them to proceed would frustrate the AIA anti-joinder provision. (*See* Mot. at 6.) Corydoras argues the statute does not literally apply because it has not joined the multiple suppliers

---

[4] Corydoras relies on other two cases, *Contentguard Holdings, Inc. v. Google, Inc.*, No. 14-cv-00061, 2014 WL 1477670 (E.D. Tex. Apr. 15, 2014) and *Cherdak v. Stride Rite Corp.*, 396 F. Supp. 2d 602 (D. Md. 2005), that predate the Federal Circuit's holdings in *Google* and *Nintendo*. Neither applies here. In *ContentGuard*, Google admitted the infringement allegations in the customer case could vary by customer, and Google's DJ Action did not even seek a declaration of non-infringement of all the Google technology at issue in the customer suit. *ContentGuard*, 2014 WL 1477670, at *3. In *Cherdak*, the court declined to stay a case against Stride Rite, a party it ruled was "not an ordinary, disinterested customer of finished products," in favor of a suit by Stride Rite's importer and agent, a party that was *not* the manufacturer of the accused product. *Id.* at 603-05. No similar facts exist here.

3

it accuses of infringement as parties. But Congress expressed a clear preference against joining unrelated suppliers like Amazon, Microsoft, and Dell based only on the fact that their products share a shelf at Best Buy. Enjoining Corydoras's claims against Amazon technology would further Congress's intent in enacting Section 299. (*See* Opp. to MTD at 9.)

## II. THE FACT THAT CORYDORAS ASSERTS METHOD CLAIMS AND ALLEGES INDUCEMENT DOES NOT MATTER.

Corydoras argues its assertion of method claims and inducement by Best Buy renders the customer suit doctrine inapplicable. (*See* Opp. at 3-4, 7.) Corydoras misapprehends the relevant standard. Claims against customers should be enjoined where "the disposition of one case would be dispositive of the other." *Katz*, 909 F.2d at 1463. But this does not mean that the claims must be *identical*, or that the declaratory judgment action must *necessarily* resolve all *issues* in the customer case. Indeed, in *Katz* itself, the Federal Circuit affirmed an injunction while acknowledging the "additional issues" in the customer suit. *Id.* at 1464. Here, this case will be dispositive of the Best Buy case: if Amazon obtains a declaration of non-infringement of its technology, (1) Corydoras will not be able to assert claims for infringing methods based on use of Amazon technology; and (2) there will be no predicate direct infringement on which to base a claim of inducement.[5] If, on the other hand, Corydoras prevails, it will recover from Amazon and cannot seek double-recovery from Amazon's customers, including for inducement. It is not surprising, then, that courts routinely stay customer suits involving method claims.[6] (*See* Opp. to MTD at 11 (collecting cases).) And they stay customer suits with inducement claims. (*See id.*)[7]

---

[5] Corydoras' allegation of Best Buy's "Smart Lighting Setup" service concerns only one of the five asserted patents. (*See* Dkt. 1, ¶ 19 (discussing the "remote control" claim element of U.S. Patent No. 7,945,256).)

[6] Corydoras's argument that certain limitations like the "multiple function implementor" are not present in certain methods claims is irrelevant. (*See* Opp. at 3). With respect to claim 3 of the '256 patent (Dkt. 44-4 at 33:36-53) which Corydoras cites in its brief, if the Amazon devices do not have the claimed "digital mirror" functionality, the limitation requiring a "digital mirror implementing step" could not be met, and there could be no predicate direct infringement.

[7] By contrast, in *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, 2:15-CV-1202-WCB,

4

### III. CORYDORAS'S OTHER REASONS FOR NOT APPLYING THE CUSTOMER SUIT DOCTRINE SIMILARLY FAIL.

Corydoras's remaining arguments lack merit. First, Corydoras argues the declaratory judgment action will not resolve all issues relating to Amazon technology because Amazon's Alexa technology is allegedly embedded in certain Dell devices. (Opp. at 4-5.) It appears to argue that Alexa enables Dell devices to remotely control other devices as required by the '256 patent. But Corydoras's allegations against Alexa will be resolved in this case; they need not be litigated in parallel in the customer case. (*See* Dkt. 1, ¶ 3 (seeking resolution of claims based on "Amazon's technology").) Second, Corydoras argues the customer suit doctrine does not apply because Amazon has not agreed to indemnify Best Buy. (Opp. at 4.) But Amazon *has* agreed to indemnify Best Buy. (Hampton Decl., ¶ 4.) Best Buy had no need to disclose this in its initial disclosures because the Discovery Order in the E.D. Tex. Action requires only the disclosure of agreements with insurance carriers, which Amazon is not. (*See Corydoras Techs. LLC v. Best Buy Co.*, No. 2:19-cv-00304-JRG-RSP (E.D. Tex.), Dkt. 32, § 1(e).) Third, Corydoras argues Best Buy has not agreed to be bound by the result of this case. (Opp. at 4.) But such an agreement is unnecessary because, again, Amazon has agreed to indemnify Best Buy. *Select Retrieval, LLC*, 2013 WL 1099754, at *5 (manufacturer's agreement to indemnify "obviates" need for customers to agree "to be bound by" the manufacturer's suit); *Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *5, *8 (E.D. Tex. Jan. 24, 2017) (similar). Finally, Contrary to Corydoras's assertion (Opp. at 3), venue is proper in this case under two different sections of the venue statute: Corydoras resides in this district, and "a substantial part of the events or omissions giving rise to the claim" occurred in this district. (*See* Opp. to MTD at 14-17.)

---

2016 WL 1659924 (E.D. Tex. Apr. 26, 2016), cited by Corydoras, the court declined to apply the customer suit doctrine because the customer was the alleged direct infringer administering a treatment, and the manufacturer was the alleged indirect infringer. *Id.* at *4-5. Here, however, any liability of Amazon (the manufacturer) is not dependent on direct infringement by Best Buy (the customer).

5

February 10, 2020

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

Respectfully, submitted,

*/s/ Todd R Gregorian*

J. David Hadden, CSB No. 176148
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
Email: sshamilov@fenwick.com
Ravi R. Ranganath, CSB 272981
Email: rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

Todd R. Gregorian, CSB No. 236096
Email: tgregorian@fenwick.com
Min Wu, CSB No. 307512
Email: min.wu@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

*Counsel for* AMAZON.COM, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 10, 2020.

*/s/ Todd R. Gregorian*
TODD R. GREGORIAN