IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMAZON.COM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-1095-RP |
| | § | |
| CORYDORAS TECHNOLOGIES, LLC, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court are Plaintiff Amazon.com, Inc.'s ("Amazon") motion to enjoin Defendant Corydoras Technologies, LLC ("Corydoras") from litigating certain patent claims in a customer suit in the Eastern District of Texas, (Dkt. 13), and unopposed motion to file supplemental evidence to the former motion under seal, (Dkt. 32). After considering the record, the parties' arguments, and the relevant law, the Court denies both motions.

## I. BACKGROUND

Corydoras, a patent holder, is suing Best Buy in the Eastern District of Texas, alleging that Best Buy infringes its patents by selling products manufactured by Amazon, as well as by Acer, Alienware, BLU, Dell, Google, HP, Microsoft, and Nokia. *See Corydoras Techs. LLC v. Best Buy Co.*, No. 2:19-cv-304-JRG-RSP (E.D. Tex. filed Sept. 4, 2019) (*Corydoras*) (Compl., Dkt. 1, at ¶ 18). In the case before this Court, Amazon seeks a declaratory judgment that it did not infringe any of Corydoras's patents. (*See* Compl., Dkt. 1, at ¶ 4). Corydoras's motion to dismiss, (Dkt. 11), is pending.

On January 14, 2020, Amazon filed a motion to enjoin Corydoras from pursuing its claims against Best Buy related to products manufactured by Amazon in the Eastern District of Texas. (Dkt. 13). The same day, Best Buy filed a motion in the Eastern District to stay those claims pending

1

the resolution of the case before this Court. *Corydoras* (E.D. Tex. filed Jan. 14, 2020) (Mot. Stay, Dkt. 42).

On February 25, 2020, after receiving briefing, (*see* Resp. Mot. Enjoin, Dkt. 23; Reply, Dkt. 29), the Court held an injunction hearing at which the parties presented evidence and arguments. Amazon clarified that its desired injunction applied only to Corydoras's claims concerning devices Amazon manufactured, not the entire Eastern District case. Amazon also explained that the sole basis for its motion to seal was that the material it sought to seal was subject to a protective order in the Eastern District case.

On March 17, 2020, the Eastern District denied Best Buy's motion to stay, concluding that "the facts and circumstances in this case are far from those that gave rise to the customer suit exception." *Corydoras* (E.D. Tex. filed Jan. 14, 2020) (Mot. Stay, Dkt. 42, at 2); (*see also* Notice, Dkt. 36).

## II. MOTION FOR LEAVE TO FILE UNDER SEAL

Amazon seeks to file certain supplemental evidence under seal.[1] (Mot. Seal, Dkt. 32). Corydoras does not oppose the request. (*Id.* at 1). Amazon's sole argument for sealing the evidence is that it "contain[s] information identified as confidential under the Protective Order in [*Corydoras*]." (*Id.*). At the hearing, Amazon confirmed that the only basis for its request was the *Corydoras* protective order to which it is subject; in fact, its position is that the material should be public.

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 597). In some cases, such as those involving "trade secrets, the

---

[1] Amazon filed the motion under seal. Because the Court denies the motion on the ground that Amazon did not sufficiently show that any characteristics of the motion's attachments it seeks to be filed under seal warrant overcoming the presumption of judicial access to public records, the motion itself should not be filed under seal.

2

identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. However, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). In light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689–90 (5th Cir. 2010) (citing *Blain*, 808 F.2d at 399). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

"[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). But when the party seeking leave to file under seal "does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere," sealing is generally unwarranted. *Id.*; *see also Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *7–8 (W.D. Tex. Apr. 17, 2015) ("[T]he parties' decision to designate documents as confidential does not mandate that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order."). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress*, 781 F.3d at 204).

Here, the Court finds that Amazon has not asserted sufficient grounds for filing its supplemental evidence under seal. While the evidence may be reasonably subject to confidentiality

provisions in the Eastern District, "[t]he standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order." *Powers*, 2015 WL 1758079, at *7–8. Moreover, Amazon has not identified specific pieces of evidence that, if made public, might be harmful. *See N. Cypress*, 781 F.3d at 204 (upholding unsealing when the party seeking to seal did "not identify any particular confidential information in the orders that may cause it harm, and much of the information therein [was] available elsewhere."). Therefore, the Court will deny its motion.

### III. MOTION TO ENJOIN

#### A. Applicable Law

Generally, "because of the importance of national uniformity in patent cases," Federal Circuit law applies to requests for "injunctions arbitrating between co-pending patent declaratory judgment and infringement cases in different district courts." *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1331 (Fed. Cir. 2004). The "customer suit exception" is a well-settled concept in Federal Circuit law. "[T]he customer suit exception typically arises when the first-filed case is an infringement action against a customer and the manufacturer subsequently files a declaratory judgment action against the patent holder in a different forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011). "[T]he primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990). However, "the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." *Spread Spectrum Screening*, 657 F.3d at 1358. In that event, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz*, 909 F.2d at 1464.

Traditionally, the "first-filed rule" provides that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (quoting *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 948 (5th Cir. 1997)). The rule "not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* (quoting *Sutter Corp. v. P & P Industries, Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)).

However, the customer-suit exception modifies the "first-filed rule":

> While the first-filed rule may ordinarily be a prudent one, it is so only because it is sometimes more important that there be a rule than that the rule be particularly sound. Accordingly, an exception to the first-filed rule has developed in patent litigation where the earlier action is an infringement suit against a mere customer and the later suit is a declaratory judgment action brought by the manufacturer of the accused devices.

*Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977).[2] Its "guiding principles" are "efficiency and judicial economy," and the Federal Circuit has required injunction-seeking parties to establish "that it would be more efficient to enable [a] declaratory action to proceed" in the second forum. *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).

Case law in the Eastern District describes the customer-suit exception as modifying only "the substantive question of which *action* should proceed first," not "the purely procedural question of which *court* should make that decision." *Corydoras* (E.D. Tex. filed Jan. 14, 2020) (Mem. Order, Dkt. 49, at 2–3). In its estimation,

> [a]n exception to the rule regarding which court should decide the appropriate suit to move forward would vitiate the very purpose of the rule. Two courts with substantially related actions might disagree as to whether it was appropriate to apply an exception to the general rule governing which of them should decide the question of which action should proceed. Both courts might conclude that they are the

---

[2] While this specific characterization is from the First Circuit, the Federal Circuit has adopted this reasoning throughout its decisions on the issue. *See, e.g.*, *Spread Spectrum Screening*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464); *Katz*, 909 F.2d at 1464 (citing *Codex*, 553 F.2d at 737–38).

5

appropriate court to answer the question and might reach inconsistent decisions about which action should proceed. Such a result would be inconsistent with a general rule designed to foster the "the principle of comity" that "requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs."

*Id.* at 3 (quoting *Save Power*, 121 F.3d at 950).

The undersigned acknowledges that the Federal Circuit appears to have endorsed the practice of the second court deciding the applicability of the customer suit exception. In *Katz*, the Federal Circuit permitted the second court to enjoin a party from pursuing claims the case filed in the first court.[3] *Katz*, 909 F.2d at 1462–63. However, the typical application of the customer-suit exception does not involve such an injunction, but rather "courts apply[ing] the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). At any procedural posture, though, "[a]pplication of the first-to-file rule is generally a matter for a district court's discretion, exercised within governing legal constraints." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).

In any case, the traditional preliminary injunction standard does not apply to a manufacturer's request to enjoin. *Katz*, 909 F.2d at 1463. Rather, "a primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Id.* (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180 (1952)).

### B. Analysis

Were this Court to have decided the question, it would have found that the customer-suit exception applies to this dyad of cases: "the first-filed case is an infringement action against a

---

[3] Rather, the Eastern District reaches its conclusion that the customer-suit exception does not apply by drawing primarily from legal tests promulgated in its own previous opinions. *Cf. Lab. Corp.*, 384 F.3d at 1331 (holding that Federal Circuit law applies and emphasizing "the importance of national uniformity in patent cases").

6

customer and the manufacturer [has] subsequently file[d] a declaratory judgment action against the patent holder in a different forum." *Spread Spectrum Screening*, 657 F.3d at 1358. The declaratory judgment action pending before this Court has "the potential to resolve the 'major issues' concerning the claims" against Best Buy that relate to Amazon-manufactured products. *Id.* It need not have the potential to resolve "every issue" in *Corydoras*—Corydoras's claims against other manufacturers—"in order to justify a stay of the customer suit[ ]." *Id.* Thus, as the Federal Circuit held in *Katz*, the litigation brought by Amazon should take precedence over Corydoras's customer suit. *See* 909 F.2d at 1464.

However, the Court agrees with the Eastern District that these cases' posture presents important, unanswered questions about precisely how the customer-suit exception procedurally modifies the traditional first-filed rule. The dilemma of which court should order the cessation of litigation in the other raises significant issues of comity and procedural fairness. Though this Court would not necessarily hold, as the Eastern District did, that the first-filed court should "always" determine the cessation of the second case, it is not always evident which court is best situated to do so. A clear rule or additional guidance for how to apply the customer-suit exception would greatly aid district courts seeking to properly implement Federal Circuit law.

Accordingly, the Court finds that the overarching interest in comity is best served in this case by declining to order a result that would be expressly contrary to the one the Eastern District has already prescribed. Applying Federal Circuit law, *see Lab. Corp.*, 384 F.3d at 1331, the Court would reach a different substantive result than the Eastern District's conclusion. But the procedural question remains salient. Now that the Eastern District has applied the procedural prong of the first-filed rule and ruled accordingly, this Court must "exercise care to avoid interference with [the Eastern District's] affairs." *Save Power*, 121 F.3d at 950. If the Court were to enjoin Corydoras at this point, its order would directly contravene the Eastern District's previous order—a result to be

7

avoided if at all possible, particularly when appellate review is readily available. *See Lab. Corp.*, 384 F.3d at 1331; *see also In re Google Inc.*, 588 F. App'x 988, 989 (Fed. Cir. 2014) (granting petition for writ of mandamus); *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) (same).

### IV.  CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Amazon's motion to enjoin Corydoras, (Dkt. 13), and unopposed motion to file supplemental evidence to the former motion under seal, (Dkt. 32), are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall unseal Amazon's motion for leave to file under seal, (Dkt. 32). Its attachments may remain under seal.

**SIGNED** on April 2, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE